IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

                Plaintiff,

  v.                                                                         ORDER

ANGELA McLEAN and                                              14-cv-280-jdp
JOSEPH CICHANOWICZ,

                Defendants.

---

Plaintiff James Lewis has filed a pro se motion in which he asks the court to: (1) set aside the January 8, 2019 jury verdict finding defendants not guilty of violating Lewis's Eighth Amendment rights; (2) grant him a new trial; and (3) hold a hearing on the conduct of his counsel. Dkt. 155.

I cannot consider a pro se motion while Lewis is still represented by counsel. Although Lewis's motion makes clear that Lewis is dissatisfied with his counsel, Lewis does not say that he has fired his counsel. And his counsel has not moved to withdraw. I will order counsel to inform the court whether he still represents Lewis.

If counsel withdraws from representation, I will address Lewis's motion on the merits, but only as to the sufficiency of the evidence and errors that Lewis says were committed by the court. Most of Lewis's motion concerns alleged errors committed by counsel, which is outside the scope of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. *Kapelanski v. Johnson*¸ 390 F.3d 525, 530 (7th Cir. 2004) (the question under Rule 59 is "whether the verdict is against the weight of the evidence . . . or . . . for other reasons, the trial was not fair to the moving party" (quoting *EEOC v. Century Broadcasting Corp.*, 957 F.2d 1446, 1460 (7th Cir. 1992))). Because a civil litigant has no constitutional claim for ineffective

assistance of counsel, *Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir. 1984), a party may not use Rule 59 to challenge his counsel's performance. *See, e.g.*, *Dupree v. Laster*, No. 02-CV-1059, 2008 WL 5381949, at *1 (S.D. Ill. Dec. 23, 2008), *aff'd*, 389 F. App'x 532 (7th Cir. 2010).

If Lewis wishes to raise any other alleged errors by the court, he may supplement his motion after the representation issue is resolved. But he should bear in mind that any motion brought under Rule 59(a) must be brought within 28 days of the entry of judgment, so by February 6, 2019, at the latest.

## ORDER

IT IS ORDERED that:

1. Lewis's counsel must inform the court by January 16, 2019, whether he continues to represent Lewis.

2. Plaintiff James A. Lewis's request for a hearing on the conduct of counsel is DENIED. The court will defer consideration of the rest of Lewis's motion until the status of Lewis's representation is resolved.

Entered January 14, 2019.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge