IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

                Plaintiff,

   v.                                                              ORDER

ANGELA McLEAN and                                     14-cv-280-jdp
JOSEPH CICHANOWICZ,

                Defendants.

---

Plaintiff James Lewis, who is now appearing pro se, has filed a post-trial motion asking me to set aside the judgment entered by this court on January 8, 2019, after a jury trial on his Eighth Amendment claims against prison staff. Dkt. 155. Lewis filed his motion while he was still represented by counsel, so I could not properly consider it. But because the motion indicated that there had been a breakdown in the attorney-client relationship, I asked Lewis's counsel to clarify his continued representation of Lewis. Dkt. 160. Lewis's counsel has now withdrawn from the case, Dkt. 161, so I can address Lewis's motion.

In his motion, Lewis asks me to do three things: (1) set aside the January 8, 2019 jury verdict finding defendants not liable for violating his Eighth Amendment rights; (2) grant him a new trial; and (3) hold a hearing on the conduct of his counsel. I denied Lewis's request for a hearing on the conduct of his counsel in a previous order. Dkt. 160. But the issue whether to set aside the verdict and hold a new trial remains unresolved. For the reasons stated below, I will deny Lewis's motion.

I construe Lewis's motion as a motion for a new trial under Federal Rule of Civil Procedure 59(a). Under Rule 59(a), "[a] new trial may be granted if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." *Clarett v. Roberts*, 657

F.3d 664, 674 (7th Cir. 2011) (citations omitted). "A new trial should be granted only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Davis v. Wisconsin Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (internal quotation marks omitted). "Although the court examines the evidence to determine whether the jury's verdict was based on that evidence, the court does not make credibility determinations or weigh the evidence." *Whitehead v. Bond*, 680 F.3d 919, 925 (7th Cir. 2012).

Here, the majority of Lewis's arguments in favor of setting aside the jury verdict focus on his allegation that he received ineffective assistance of counsel. *See* Dkt. 155, at 9–26. But a civil litigant has no constitutional right to counsel, let alone effective assistance of counsel. *Wolfolk v. Rivera*, 729 F.2d 1114, 1119–20 (7th Cir. 1984). It follows that ineffective assistance of counsel is not a basis for altering or setting aside a judgment under Rule 59. *See Dupree v. Laster*, 389 F. App'x 532, 534 (7th Cir. 2010) ("[T]here is no Sixth-Amendment right to effective assistance of counsel in a civil case, so [plaintiff's] dissatisfaction with counsel's performance does not warrant a new trial."); *see also Stanciel v. Gramley*, 267 F.3d 575, 580–81 (7th Cir. 2001).

The only argument that Lewis makes that *doesn't* concern the effectiveness of his counsel concerns his alleged request on the second day of trial to represent himself and conduct his own cross-examination of defendant Angela McLean. According to Lewis, he told his counsel "to ask the court if he could cross-examine McLean himself" on the morning of January 8. Dkt. 155, at 18. Lewis says that later, just as trial was about to start, his counsel told him that "the judge would not allow it." *Id.* at 19. Lewis says that "the court erred when it did not hold a colloquy to find out what Lewis's issues were when it refused to allow Lewis to represent

himself and cross-examine McLean." *Id*. But I never received any request from Lewis or his counsel indicating that Lewis wished to conduct the cross-examination himself. Nor does the transcript indicate that anyone ever made such a request. If Lewis wished to proceed pro se on the second day of trial, he should have brought that issue to my attention at that time, not in a post-trial motion.

Although Lewis does not specifically make this argument, I have also considered whether the jury verdict is against the weight of the evidence. In considering this question, I must view the evidence in the light most favorable to the prevailing parties. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). I conclude that the jury's verdict is well-supported by the evidence. I will assume, for purposes of this motion, that Lewis proved that had a serious medical need, and that defendants knew of it. The critical question is whether a reasonable jury could find that Cichanowicz and McClean had not demonstrated deliberate indifference. Or, as the jury instructions now phrase the issue, whether Cichanowicz and McClean did not consciously fail to take reasonable measures to provide treatment for Lewis's serious medical need.

Cichanowicz testified that he sought guidance from the Health Services Unit, which McClean provided. McClean testified that she wanted to render assistance to Lewis, but that security concerns prevented her from entering Lewis's cell. Both Cichanowicz and McClean testified that they had observed Lewis move his extremities, so they knew that he was not paralyzed. There was no indication that he had lost consciousness or that he was bleeding, circumstances that, by prison policy, would have prompted an immediate cell entry. The jury could reasonably find that neither Cichanowicz and McClean had consciously failed to take reasonable measures to provide treatment for Lewis's serious medical need.

Because Lewis has not shown that the jury's verdict resulted in a miscarriage of justice, his motion for a new trial is denied.

ORDER

IT IS ORDERED that plaintiff James A. Lewis's motion to alter or amend the judgment, Dkt. 155, is DENIED.

Entered January 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge