IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

                Plaintiff,

v.                                               ORDER

ANGELA McLEAN and                        14-cv-280-jdp
JOSEPH CICHANOWICZ,

                Defendants.

---

Plaintiff James Lewis, who is now appearing pro se, has filed a supplement to his original post-trial motion asking me to set aside the judgment entered by this court on January 8, 2019, after a jury trial on his Eighth Amendment claims against prison staff. *See* Dkt. 155 (Lewis's original motion to set aside verdict) and Dkt. 164 (supplement to that motion). I addressed Lewis's original motion in a January 30, 2019 order. Dkt. 165. In that order, I explained that I would not award him a new trial under Federal Rule of Civil Procedure 59(a) because the jury verdict was not against the clear weight of the evidence and the trial was not unfair to Lewis. That order was docketed the same day that Lewis filed his supplement, and I had not yet received that supplement at the time I issued the order. Lewis then filed a motion for reconsideration of my January 30 order, Dkt. 168, arguing that I was premature in ruling on his original motion to set aside the verdict before the 28-day window for filing a Rule 59 motion elapsed.

I have already addressed the issues raised in Lewis's original Rule 59 motion, Dkt. 155, and I will not repeat that analysis here. In this order, I address the additional arguments Lewis makes in his supplement to his original Rule 59 motion and in his motion for reconsideration. Dkt. 164 and Dkt. 167. Again I conclude that Lewis is not entitled to a new trial, which may

be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Davis v. Wisconsin Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (citations and internal quotation marks omitted).

## A. Supplement to Rule 59 motion

In his January 30 supplement to his Rule 59 motion, Lewis says that I "erred in not allowing Lewis to reinstate his state-law [medical malpractice] claim and sanction for spoliation." Dkt. 164, at 1. Had he gone to trial on his medical malpractice claim, Lewis says, the defendant on that claim—Dr. Meena Joseph—would have been at trial, and her testimony could have been used to impeach defendant McLean on the Eighth Amendment claim. *Id.* at 3. Lewis also says that he would have had a better chance of prevailing on the medical malpractice claim, because defense counsel argued that defendants' actions may have been negligent but did not arise to a constitutional violation. *Id.* As for the spoliation issue, Lewis says that the video surveillance would have shown him crying and begging for help, and would have discredited McLean's testimony by showing that she visited his cell only one time. *Id.*

Regarding the state-law medical malpractice claim, I did not prevent Lewis from reinstating it. On March 5, 2018, when Lewis was still represented by recruited counsel, Magistrate Judge Stephen Crocker directed him to state by March 26 whether he wished to reinstate his medical malpractice claim. Dkt. 117. Lewis never filed a response, and the claim was not reinstated. On November 13, 2018, while still represented by counsel, Lewis filed a motion without the assistance of his attorney asking for reinstatement of his state-law claim and for spoliation sanctions against the defendants for missing surveillance video footage. Dkt. 121. I cannot consider pro se motions when the party is represented by counsel, so I asked

2

plaintiff's counsel to address the issues Lewis raised. Dkt. 122. On November 20, plaintiff's counsel filed a response that stated: "After consultation with Mr. Lewis, we will be withdrawing his Motion to reinstate the state medical malpractice claim. Mr. Lewis still has concerns about a missing video, however, opposing counsel and I have spoken and will continue to work on this issue." Dkt. 135. I had no reason to doubt plaintiff's counsel's representation that Lewis had agreed not to proceed on the medical malpractice claim until Lewis's post-trial motions.

In his supplement, Lewis contends that I should have discounted his counsel's representation on November 20 and instead treated his pro se motion to reinstate as properly filed. But I had no reason to think that plaintiff's counsel's later-filed statement wasn't accurate. Nor would it be proper for me to entertain pro se filings submitted by a represented party.

Lewis contends that his counsel represented him on his federal claim only. He says that at "[t]he court only recruited counsel for the federal lawsuit and Lewis only signed a retainer for the federal suit. Therefore, Lewis was representing himself in the state-law claim [and was] entitled to file the state-claim on his own." Dkt. 164, at 2; *see also* Dkt. 167, at 3. That is not accurate. I recruited counsel to represent Lewis in all of his claims before this court arising out of the events at issue in this case—federal and state alike. Lewis had an opportunity to reinstate his state-law claim, but declined to do so. *See* Dkt. 135. Lewis suggests that when his counsel failed to respond to Magistrate Judge Crocker's March 5, 2018 order, his counsel "waived his right to represent Lewis on this issue; therefore, . . . Lewis's state[-law] claim was in his own hands, as his attorney gave up all rights to represent Lewis on that claim." *Id.* Again, that is not how litigation in this court works. A client may fire his attorney at any time, but an attorney's failure to respond to an order does not "waive" his representation on the claims at issue.

Lewis also contends that I "should have queried Lewis as to if it was his wish not to raise the state[-law] claim; and [asked him] why after being so adamant in the past [about bringing the state-law claim], he had a sudden change of mind." *Id.* at 3. But again, in light of plaintiff's counsel's statement on November 20 that Lewis was withdrawing his motion to reinstate the state medical malpractice claim, I had no reason to suspect that Lewis and his counsel were not on the same page. And even if I had, it would not have been appropriate for me to insert myself into their attorney-client relationship by second-guessing Lewis's counsel's representations. If Lewis was dissatisfied with his attorney, he was free to fire him at any point during or prior to trial. But I cannot second-guess counsel on the many decisions made in the lead-up to trial.

As to the spoliation issue, Lewis says that I erred by declining to impose spoliation sanctions against defendants based on their failure to retain surveillance footage of the hours before Lewis was removed from his cell on February 8, 2014. Defendants have maintained throughout this litigation that the institution's surveillance system does not record during times when there is no movement, so there is no footage of the time that Lewis was motionless in his cell. Nonetheless, plaintiff's counsel requested the pattern jury instruction on spoliation, which would have advised the jurors that they could assume that the footage would have been unfavorable to defendants if they found that defendants had intentionally destroyed or caused the destruction of the footage in bad faith. *See* Dkt. 133, at 3. I deemed that instruction inappropriate here, because neither of the two defendants was involved in any decision to destroy video footage. I determined that the "requested spoliation instructions as to the missing surveillance footage [would] not be included in the post-trial instructions. But to ensure that defendants d[id] not capitalize on the absence of that video, [I] prohibited defendants from

making any argument that Lewis was able to move during the time period in question." Dkt. 142, at 1–2. Defendants abided by this instruction at trial and did not dispute that Lewis was actually immobilized by pain during the period in question.

Lewis does not explain why this stipulation was inadequate to address his concerns. Instead, he focuses on what the video would have shown had it been preserved and produced. He says that the footage would have shown that he was crying and begging for help, and that McLean only visited his cell once. But that the surveillance video would have shown these things does not mean that the jury's verdict went against the clear weight of the evidence or that its absence rendered the trial unfair. Lewis's dissatisfaction with my handling of the spoliation issue is not a sufficient basis for a new trial.

## B. Motion for reconsideration

In his motion for reconsideration of my order denying his original Rule 59 motion, Lewis contends that one of the statements I made in that order contradicts other instructions I gave him over the course of this litigation. Specifically, he points to my statement in a previous order suggesting that "[i]f Lewis wished to proceed pro se on the second day of trial, he should have brought that issue to my attention at that time, not in a post-trial motion." Dkt. 165, at 3. Lewis says that he did not think he was permitted to bring such matters to my attention directly in light of my earlier admonition in response to his pro se motion that Lewis should "refrain from filing directly with the court now that he has counsel." Dkt. 167, at 2 (quoting my order at Dkt. 122). It is true that litigants should generally communicate to the court through their attorneys. But a litigant has an absolute right to fire his attorney at any time. Deciding to terminate one's attorney and proceed pro se is the type of issue that a litigant can raise with the court directly, as it determines whether the attorney will continue to serve as an

intermediary between the litigant and the court. So if Lewis wished to terminate his attorney midway through the trial, he needed to tell me.

Lewis asks me to hold a hearing on why his counsel "failed to inform the court about Lewis's desire for self-representation." *Id.* at 4. But as I have already explained, ineffective assistance of counsel is not a basis for altering or setting aside a judgment under Rule 59. *See* Dkt. 160, at 1–2 and Dkt. 165, at 2.

For those reasons, am denying Lewis's motion to set aside the verdict.

ORDER

IT IS ORDERED that:

1. Plaintiff James A. Lewis's supplement to his motion to alter or amend the judgment, Dkt. 164, is DENIED.

2. Plaintiff's motion for reconsideration, Dkt. 167, is DENIED.

Entered March 6, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge